## HANNAH SCOTT *v.* W. F. WINDHAM.

1. STOCKHOLDER. *Unpaid subscription. Garnishment. Liable without call.
   Code* 1892, § 844.

   A stockholder in an insolvent corporation who has not paid his stock
   subscription is liable to the creditors of the corporation, and may
   be sued therefor under § 844, code of 1892, and the debt so due by
   him may be subjected by garnishment as well as in a direct pro-
   ceeding, and, although the subscription is, by its terms, payable
   on the call of the directors, and no such call has been in fact made.

2. SAME. *Garnishment and direct suit. Garnishment subordinate to judg-
   ment in suit brought prior thereto.*

   Where a creditor of an insolvent corporation sues and recovers judg
   ment against a stockholder for the amount due on his stock sub-
   scription, and a garnishment is served on the stockholder at the
   instance of another creditor pending such suit, the judgment so
   recovered relates back to the institution of the suit, and has pri-
   ority over the intervening garnishment.

3. SAME. *Subsequent judgment. Execution restricted.*

   A subsequent judgment against the stockholder in favor of one
   creditor of the corporation is erroneous if it fails to provide that
   no execution shall issue against him until satisfaction of an ear-
   lier judgment against him in favor of another creditor of the cor-
   poration, and then only for so much, if anything, as may remain
   due on the subscription.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

The appellant was a subscriber for ten shares of stock, of the
par value of $100 each, in the Delta Insurance Company, dom-
iciled at Greenville, Mississippi. She paid for the same, $150
in cash, and executed, for the remaining $850, her written ob-
ligation, whereby she agreed to pay said sum ''in such amounts
and at such times as should be ordered by the directors of the
company,'' and that the same should '' bear interest only on

the amounts called for from the times within which the calls by the directors should require their payment, and then at the rate of eight per cent. per annum;'' and, such calls as had been made, she had promptly paid, to the aggregate amount of $90.

The Delta Insurance Company having become insolvent, the Camp Manufacturing Company brought suit against it in the circuit court of Washington county, and, having recovered judgment, brought suit thereon against appellant in the same court to enforce the liability she had incurred for the unpaid balance due on her stock subscription. This suit was instituted and summons served on appellant on April 7, 1894, and, at the next ensuing term of court, a judgment was recovered against her for $750 and costs.

The appellee had recovered a judgment against the Delta Insurance Company, in the circuit court of Lauderdale county, and caused a writ of garnishment to be issued thereon against the appellant, which was served on her on April 13, 1894. She answered at the next ensuing term of that court, setting up the facts above stated, inclusive of that of the rendition of the judgment above mentioned by the circuit court of Washington county, in favor of the Camp Manufacturing Company. The case was heard on the motion of the appellee for judgment against the appellant upon her answer and an agreed statement of facts that supported the answer in all material matters. The motion was sustained, and judgment entered against appellant, as garnishee, for $719.10, and costs. From this judgment she appeals.

*Skinner & Lewenthal,* for appellant.

1. The liability of a stockholder to creditors of the corporation for the amount due on his stock subscription is primary and direct, and a proceeding by garnishment is not the proper remedy to enforce the same under § 844, code 1892. A direct suit must be brought against the stockholder, to avail of the statute, which provides in terms that the stockholder shall be

"individually liable," and "may be sued" for the amount due or unpaid for stock subscribed for by him. *Vick* v. *Lane*, 56 Miss., 685; Thomp. on Liabilities of Stockholders, 276.

2. The obligation of the appellant as a stockholder, in the absence of any unpaid call by the directors, was not so fixed and absolute as to enable the corporation to proceed against her; and, *a fortiori*, the appellee, who only asserted its derivative right as a creditor of the corporation, could not do so by garnishment. A call by the directors for the unpaid balance of the stock subscription was clearly essential to the maintenance of the proceeding by garnishment. 2 Beach on Corp., § 720; Lane's Appeal, 105 Pa. St., 49; Cook on Stockholders, § 201; Thompson on Liabilities of Stockholders, § 278; 2 Morawetz on Corp., p. 790, note 1 to § 719.

3. The suit to enforce the same identical obligation in Washington county was brought against the appellant prior to her service as garnishee in the Lauderdale county suit, and the court of the former county having first acquired jurisdiction, its right to deal with the subject-matter of suit cannot be displaced or arrested by any subsequent proceeding elsewhere. The inconvenience and injustice that would result from a contrary course is illustrated by the present controversy, from the record of which it is seen that each of the plaintiffs has recovered judgment for quite as much as the appellant owed on her stock subscription. *Wallace* v. *McDonnell*, 13 Peters (U. S.), 136.

*Cochran & Boseman*, for appellee.

A subscriber for stock who has not paid, may be garnisheed as the debtor of the corporation which sold him the stock. Wade on Attachments, § 342; Waples on Attachments and Garnishment, p. 250; 2 Morawetz on Corp., § 819; 23 Am. & Eng. Enc. L., p. 895, note 6; *Saffold* v. *Barnes*, 39 Miss.. 399. And although the subscription is payable on the call of the directors, such call is not a condition precedent to right to reach the unpaid subscription by garnishment. The considera-

tion of the debt passed when appellant became the owner of the stock, and the call of the directors was not a condition precedent to the existence of the debt, but simply one of those preliminary steps in the process of its collection by the corporation, the omission of which in nowise affected the right of creditors to proceed by garnishment. Waples on Attachment and Garnishment, p. 201; *Dunlap* v. *Patterson*, 74 N. Y., 145; *Crescent Insurance Co.* v. *Moore*, 63 Miss., 419.

But even if it be true that a call by the directors is necessary to render the unpaid subscription garnishable when it is payable as the directors may order, the rule applies only when the corporation is solvent. If the corporation is insolvent, no such call is necessary. Wait on Insolvent Corp., § 615; *Hatch* v. *Dana*, 101 U. S., 205; *Holmes* v. *Sherwood*, 3 McCrary, 405; *Crawford* v. *Rohrer*, 59 Md., 599; *Henry* v. *Railroad Co.*, 17 Ohio, 187; Morawetz on Corp., § 821. It is idle to contend that this is an equitable right only, and cannot, therefore, be enforced at law. Courts of law often administer equitable relief, and this court is precluded by a provision of the state constitution from reversing the judgment because of the sole fact that the court below afforded the appellee equitable relief in a garnishment proceeding. Const. of 1890, § 147; *Goyer* v. *Wildberger*, 71 Miss., 438; *In re Glenn Iron Works*, 20 Fed. Rep., 674.

By the terms of the statute, fairly construed, the garnishment of a stockholder upon his unpaid subscription is allowable, although payable on call and no call has been made. Whether due or not, the debt is unpaid, and the statute authorizes suit by the creditor in case the subscription be "due or unpaid," and not in case it be due and unpaid. The words of the statute are broad enough to cover, and are evidently intended to cover, all amounts unpaid upon the stock subscribed for, whether called for by the directors or not, or matured or not.

It seems to be very well settled that the liability of the stock-

holder to creditors of the corporation in nowise depends upon whether or not the directors have called for payment of the balance on his subscription, and that this liability can be enforced by way of garnishment as well as in a direct suit, hardly admits of doubt. *Hill* v. *Merchants' Mutual Insurance Co.*, 134 U. S., 515; *Vick* v. *LaRochelle*, 57 Miss., 604; *Vick* v. *Lane*, 56 Miss., 681.

The language of the statute that the stockholder "may be sued" includes a proceeding by garnishment as well as a direct suit. It is clear that a garnishment, as an efficacious means of enforcing the liability already reduced to judgment against the corporation, is within the spirit of the statute, and there is no reason, upon authority, to doubt that it is, in legal contemplation, a suit, and therefore within the letter of the statute as well. Waples on Att. and Gar., 342; *Tabler, Crudup & Co.* v. *Mitchell*, 62 Miss., 437; *Jeffries* v. *Harvie*, 38 Miss., 97; *Irvin* v. *Heath*, 795; *Faison* v. *Wolf*, 63 Miss., 24.

COOPER, C. J., delivered the opinion of the court.

The facts that the subscription of the appellant to the stock of the now insolvent corporation was, by its terms, payable on the call of the directors, and that no call has been made for the sum remaining unpaid, does not, as against the creditors of the corporation, protect the subscriber from suit. Nor is it material that, instead of resorting to a proceeding in equity or at law, as he might have done, the plaintiff has proceeded by garnisheeing the stockholder. The end and purpose of this action is to subject the debt due by the stockholder to the debt due by the company, and the same principles are applicable.

But, though the appellant was liable to garnishment, the judgment against her should have been so framed as to protect her from danger of a double liability, and should also have recognized and preserved the prior right of satisfaction of the Camp Manufacturing Company. It is provided by the code, § 844, that: "In all corporations, each stockholder shall be

individually liable for the debts of the corporation contracted during his ownership of stock for the amount or balance that may remain due or unpaid for the stock subscribed for by him, and may be sued by any creditor of the corporation." The Camp Manufacturing Company was a creditor of the Delta Insurance Company, entitled to sue, under the statute. On the seventh day of April, 1893, this company brought suit against appellant to recover the amount unpaid by her on her subscription to the capital stock of the Delta Insurance Company, and, in that suit, judgment has been rendered against her in favor of the plaintiff therein. On the thirteenth of April, the garnishment in this cause was served.

The contention of the appellee that by the service of his writ he secured a lien on the debt due by appellant, while the Camp Manufacturing Company acquired no right to this debt until the date of its judgment against her, which was subsequent to the service of the writ of garnishment, is wholly without merit. When the judgment of the Camp Manufacturing Company was rendered, it became operative by relation, as of the date of the commencement of the suit, so far as the right to the debt due by the defendant therein was concerned, and had priority over all intervening claims.

The judgment of the lower court should have provided that no execution should issue against the appellant until satisfaction of the judgment of the Camp Manufacturing Company, and then only for so much, if anything, as should be then due and unpaid by the appellant on account of her subscription to the stock of the Delta Insurance Company as fixed by the judgment. *Yazoo & Mississippi Valley Railroad Co.* v. *Fulton,* 71 Miss., 386.

*Judgment reversed.*